**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1202-24

NOIREAYE ESSENCE,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted November 13, 2025 – Decided November 20, 2025

Before Judges Gummer and Vanek.

On appeal from the New Jersey Department of Corrections.

Noireaye Essence, appellant pro se.

Matthew J. Platkin, Attorney General, attorney for respondent (Sookie Bae-Park, Assistant Attorney General, of counsel; Hilary Cohen, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Noireaye Essence, an incarcerated individual at Edna Mahan Correctional Facility (EMCF), appeals from a final agency decision (FAD) by respondent New Jersey Department of Corrections (DOC) finding her guilty of prohibited act *.254 under N.J.A.C. 10A:4-4.1(a)(2)(xvi).  We affirm.

I.

On October 31, 2024, Sergeant K. Viola informed Essence that she was going to be administratively moved from the ECMF Hillcrest Wing to the South Hall Dormitory (South Hall).  In response, Essence told Sergeant Viola she did not want to move to South Hall and would rather go to the Restorative Housing Unit (RHU).  Sergeant Viola informed Essence that failure to comply with the relocation instruction would result in a *.254 charge being issued to her for refusing a housing assignment.  In the incident report, Sergeant Viola stated Essence had responded, "that was fine."

After an investigation confirmed these facts, the DOC charged Essence with prohibited act *.254 ("refusing to . . . accept a . . . housing unit" assignment) in violation of N.J.A.C. 10A:4-4.1(a)(2)(xvi), and a disciplinary hearing was held a few days later.  Essence pleaded not guilty to the *.254 charge.  After a counsel-substitute was appointed at her request, Essence declined the opportunity to call witnesses or submit documents.

In contesting the charge, Essence argued she did not want to go to South Hall because she feared for her safety. Essence contended she felt safer in her housing assignment at EMCF's Hillcrest Wing and alleged four inmates confined in South Hall had threatened her with physical harm because she had refused to engage in organized criminal activity while incarcerated.

Essence further posited she had conveyed her fears to EMCF staff and had submitted a request for protective custody. Because she had not received a determination on her protective custody request, Essence argued the DOC had given her an impermissible ultimatum: either refuse to move and face the *.254 charge or comply with the new housing assignment and potentially expose herself to harm. Prior to her refusal to accept the housing reassignment, the DOC stated Essence's request for protective custody had been denied.

At the disciplinary hearing, Essence also argued the DOC's failure to maintain a separate protective custody housing unit at EMCF violated N.J.A.C. 10A:5-5.1 to -5.6. Essence sought a not-guilty finding or, in the alternative, leniency and a reduction in sanctions.

The disciplinary hearing officer (DHO) found Essence guilty of the *.254 charge. After the DHO's guilty finding and imposition of sanctions, Essence administratively appealed. Essence submitted a supplemental letter

A-1202-24

asserting she never "uttered the words 'I refuse'" and posited that she had asked EMCF staff to go into protective custody. Essence argued her discipline was unwarranted because she had sought to prevent a potential charge when she contested the South Hall housing assignment. A FAD was entered upholding the DHO's guilty finding and the sanctions imposed.

On appeal, Essence argues the DOC failed to comport with procedural requirements during her disciplinary hearing; the evidence did not support the DHO finding that she was guilty of the *.254 charge; the DOC was required to adjudicate her request for protective custody before she could be subjected to discipline for refusing a housing assignment; and the EMCF violated the DOC's regulations because it does not maintain a protective custody unit.

II.

Our review of an agency's decision is limited. Mejia v. N.J. Dep't of Corr., 446 N.J. Super. 369, 376 (App. Div. 2016). In reviewing the DOC's decision, we presume the validity of the DOC's "exercise of its statutorily delegated responsibilities." Lavezzi v. State, 219 N.J. 163, 171 (2014); In re Stallworth, 208 N.J. 182, 194 (2011). Further, our role "is limited to determining: (1) whether the [DOC]'s decision conforms with relevant law; (2) whether the decision is supported by substantial[,] credible evidence in the record; and (3) whether, in applying the law to the facts, the [DOC] clearly

erred in reaching its conclusion." Conley v. N.J. Dep't of Corr., 452 N.J. Super. 605, 613 (App. Div. 2018) (citing Stallworth, 208 N.J. at 194).

"We will disturb an agency's adjudicatory decision only upon a finding that the decision is 'arbitrary, capricious or unreasonable' or is unsupported 'by substantial credible evidence in the record as a whole.'" Blanchard v. N.J. Dep't of Corr., 461 N.J. Super. 231, 237-38 (App. Div. 2019) (quoting Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980)). In the context of inmate discipline, N.J.A.C. 10A:4-9.15(a) requires a finding of guilt on a disciplinary charge to be based on "substantial evidence." "Substantial evidence has been defined alternatively as 'such evidence as a reasonable mind might accept as adequate to support a conclusion,' and 'evidence furnishing a reasonable basis for the agency's action.'" Blanchard, 461 N.J. Super. at 238 (quoting Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 191 (App. Div. 2010)). The substantial evidence standard permits an agency to apply its expertise where the evidence supports more than one conclusion. Berta v. N.J. State Parole Bd., 473 N.J. Super. 284, 302 (App. Div. 2022).

The party challenging an agency's decision bears the burden of proving it was "arbitrary, unreasonable or capricious." In re M.M., 463 N.J. Super. 128, 136 (App. Div. 2020) (quoting McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 563 (App. Div. 2002)). Our review is not "'perfunctory,' nor

is 'our function . . . merely [to] rubberstamp an agency's decision.'" Blanchard, 461 N.J. Super. at 239 (alteration in original) (quoting Figueroa, 414 N.J. Super. at 192). Instead, we "engage in a 'careful and principled consideration of the agency record and findings.'" Ibid. at 237-38 (quoting Williams v. Dep't of Corr., 330 N.J. Super. 197, 204 (App. Div. 2000)). We review an agency's statutory interpretation or other legal determination de novo. Conley, 452 N.J. Super. at 613.

Under this deferential standard of review, we are satisfied the record contains sufficient, credible evidence to support the FAD, predicated on the DHO finding Essence guilty of the *.254 charge. Essence argues she did not "utter[] the words 'I refuse'" and instead asked to go into protective custody rather than South Hall. Sergeant Viola informed her that failure to comply with the relocation instruction would result in a *.254 charge for refusing a housing unit, to which Essence had responded "that was fine." The DHO considered Essence's reasons for contesting the housing reassignment along with Sergeant Viola's report, finding they substantiated that she "refused" to go to South Hall.

Essence does not appeal the DOC's decision denying her request for protective custody and, instead, argues she was entitled to a response before she could be given a new housing assignment. Contrary to Essence's

A-1202-24

argument, N.J.A.C. 10A:5-5.1(a)(5) neither requires a response to an inmate's request for protective custody nor precludes an alternative housing assignment. Essence admits she did not accept the transfer to South Hall and the DHO rejected her rationale for contesting the reassignment.

We are satisfied the DHO's decision was based on substantial, credible evidence and was not arbitrary, capricious, or unreasonable. Stallworth, 208 N.J. at 194; In re Carter, 191 N.J. 474, 482-83 (2007). Because the FAD was predicated on the DHO's findings, we affirm.

We decline to address Essence's unsupported argument that the DOC's regulations are violated because ECMF does not maintain a specific protective custody unit, as outside the scope of this appeal of the FAD. To the extent that we have not specifically addressed any of Essence's other arguments, we find them to be without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(D) to (E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-1202-24